IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **MORRIS LEWIS,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v.   ) | Case No. 3:15-cv-112-WKW-PWG |
| ) | |
| **HUGH MCCALL,** ) | |
| *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

This case arises out of claims by Plaintiffs Morris Lewis and Lewis Transportation (collectively referred to hereinafter as "Lewis") that the Defendants have engaged in discriminatory assignments of tow-truck jobs and have ultimately removed Lewis Transportation from the rotations list for such assignments. The following are named as Defendants: Hugh B. McCall, the Director of the Alabama Department of Public Safety ("Department"); Post Commander Sergeant McWaters; Lieutenant Suzanne Capps; Captain Ron Short; and Major Kerry Chapman. Defendant McCall is sued only in his official capacity while the remaining defendants are sued both their individual and official capacities.

Lewis's Complaint is the operative pleading. (Doc. 1). Therein, Plaintiff seeks to state federal claims arising out of both the Due Process and Equal Protection Clauses of the Fourteenth Amendment, by and through the remedial vehicle of 42 U.S.C. § 1983.[1] Before the court is Defendant McCall's motion to dismiss the Complaint (Doc. 10). For the reasons stated herein, the Magistrate Judge **RECOMMENDS** that Defendant McCall's motion to dismiss is due to be **DENIED**.

## I. JURISDICTION

Subject matter jurisdiction over Lewis's federal claims is conferred by 28 U.S.C. § 1331. The parties do not dispute venue or personal jurisdiction, and there are adequate allegations in Lewis's Complaint to support both. On October 21, 2015, this matter was referred to the undersigned by Chief U.S. District Judge W. Keith Watkins for disposition or recommendation on all pretrial matters. (Doc. 20). *See also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990).

---

[1] Lewis states in connection with his due process claims that several defendants "failed to provide a hearing which met the touchstones of due process as afforded by the Fourth Amendment of the U.S. Constitution. (Doc. 1 at p. 8). It appears that Lewis inadvertently cited the Fourth Amendment as opposed to the Fourteenth Amendment. In any event, Lewis fails to advance in the Complaint any discernible claim under the Fourth Amendment.

## II.     LEWIS'S CLAIMS

Lewis brings claims for denial of equal protection (Counts One and Two) and denial of procedural due process (Count Three).

## III.    BACKGROUND AND FACTS[2]

Morris Lewis, an African-American male, owns Lewis Transportation, a towing service contractor. (Doc. 1 at ¶¶ 1-2, 10, 17, and 20). Lewis brought a federal lawsuit in 1991 in this Court against the Alabama Department of Public Safety ("Department") and several individual Department representatives, *Lewis v. Alabama Department of Representatives*, No. 91-D-1463-E (M.D. Ala. filed on December 3, 1991) (hereinafter referred to as "*Lewis I*"). (*Id.* at ¶ 11). As explained by United States District Judge Ira Dement in a Memorandum Opinion filed on August 10, 1993:

> The State of Alabama requires that each trooper post maintain a list of wrecker operators which troopers call on a rotating basis when the owner of a motor vehicle is unable to make a decision about a wrecker service to tow his vehicle. The wrecker operators are private companies with no affiliation with the [Department]. The [Department] has adopted rules and regulations, the requirements of which wrecker operators must meet in order to be included on the list. One of the regulations adopted by the Department [in 1987] is the requirement that the operator not be convicted of a felony or misdemeanor involving force, violence or moral turpitude.

---

[2] These are the facts for purposes of ruling on the pending motion to dismiss. They are gleaned from the allegations in the Complaint.

3

(*Lewis I*, Doc. 37 at p. 1).

Lewis applied in 1990 with the Department for his tow truck company to be placed on the list of wrecker operators. (*Id.* at 1). However, his "application was denied" because he "had been convicted of five worthless check violations which have been held by the Supreme Court of Alabama to involve moral turpitude." (*Id.* at pp. 1-2). Lewis claimed that the Department's regulation requiring that the wrecker operator not be convicted of a misdemeanor involving moral turpitude violated his equal protection rights under the Fourteenth Amendment. (*Id.* at p. 3). Judge Dement concluded that the regulation was unconstitutional in violation of the Equal Protection Clause for two reasons: (1) the regulation's "across the board prohibition against placing people on the rotation list who are misdemeanants and who have been convicted of crimes against 'moral turpitude' . . . is both over and under inclusive"; and (2) "[t]he regulation is enforced differently against people who apply with convictions and those who are convicted of such a misdemeanor or even a felony after being placed on the list." (*Id.* at 5).[3]

Lewis states in his current lawsuit that, with respect to the assignment of tow truck jobs, "the State of Alabama by and through individual actors under color of

---

[3] Judge Dement stated that the court did not "reach the issue of due process" since it concluded the regulation at issue had violated the Equal Protection Clause. (*Lewis I*, Doc. 37 at p. 8 n.2).

state law continue to violate Lewis' constitutional rights to be free of race discrimination, arbitrary/capricious decisions and deprivation of procedural due process." (Doc. 1 at ¶ 11). According to Lewis, "[t]he State of Alabama establishes rules and regulations for placement on the [assignment] list and requirements to stay on the list." (*Id.* at ¶ 34). The Defendants, who are members of the Department and collectively identified by Lewis as the Alabama State Troopers, "are the sole assignors of Tow truck Activities on Alabama interstate, county and state roads." (*Id.* at ¶ 10). The Alabama State Troopers, however, have "failed to follow their own internal regulations as to the order of the list, inclusion upon the list, and all rights and privileges during the appeals process where Lewis was removed from the list." (*Id.*).

Specifically, from 2009 until the present, Lewis became aware that the Alabama State Troopers began to change the order for Tow Truck Activity assignments." (*Id.* at ¶ 10). Lewis complained on multiple occasions during this time frame that the tow truck assignments were made in a racially discriminatory manner which, in turn, caused economic harm to Lewis. (*Id.* at ¶¶ 10, 12). While Lewis was at all relevant times qualified for the assignment list, the Alabama State Troopers "systematically removed or diverted the order of Lewis calls" and acted "through selective enforcement" to remove Lewis from the assignment list. (*Id.* at ¶¶ 12, 19).

Defendants McWaters, Capps, Chapman, and Short are Caucasian and engaged in this conduct to remove Lewis from the list. (*Id.* at ¶ 21). Defendant McCall, an African American male, "chose to ratify the conduct of the discriminatory officers under his supervision." (*Id.* at ¶ 21). According to Lewis, "Caucasian tow truck drivers and Caucasian companies were not punished for violating the same procedures wherein Lewis, the African American was removed from the list." (*Id.* at ¶ 12).[4]

Lewis appealed the decision of the Alabama State Troopers to remove him from the assignment list. (*Id.* at ¶¶ 14-15, and 25). A hearing with respect to Lewis's appeal was conducted in September, 2014, at which Defendant Short indicated that Lewis's removal from the list was inappropriate. (*Id.* at ¶15). Defendant short further stated that Lewis could stay on the list during his appeal. (*Id.* at ¶ 25). However, at no time following his removal from the list has Lewis been returned to the assignment list. (*Id.* at ¶ 15). According to Lewis, the Alabama State Troopers "failed to provide a hearing where the result was determined by the evidence presented at the hearing" and instead "applied a more onerous standard to Lewis than other tow truck drivers." (*Id.* at 36).

---

[4] Nowhere in the Complaint does Lewis identify what specific procedures he purportedly violated.

## IV.  MOTION TO DISMISS STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the Complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted).  "[F]acial plausibility" exists "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard also "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. 558 (quoting 5 Wight & Miller § 1216, at 233-34 (quoting in turn *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Haw. 1953)) (alteration original). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

## V. DISCUSSION

Lewis claims in Count One that the Defendants violated his right to equal protection by racially discriminating against him in that they deprived "Lewis of opportunities to be called in the correct order when his name was next on the list" and then removed him from the list. (Doc. 1 at ¶¶ 16-25). Lewis further claims in Count Two that the Defendants violated his right to equal protection, asserting that he is "a class of one victim" and that the Defendants "arbitrarily and capriciously [failed] to follow their own state regulation." (*Id.* at ¶¶ 26-27).[4] Lewis claims in Count Three that the Defendants violated his procedural due process rights by: (1) removing Lewis from the correct order on the rotation list and then completely removing him from the list; and (2) failing to provide a proper hearing. (Doc. 1 at ¶¶ 33-36).

Defendant McCall contends in his motion to dismiss that Lewis's allegations fail to state a cause of action against him. (Doc. 10 at p. 2). According to Defendant McCall, Plaintiff "rests his theory of liability as to [McCall] in respondeat superior, which is an improper theory under the relief available through . . . § 1983." (*Id.*). In response, Lewis states that Defendant McCall "is the senior most decision maker in

---

[4] Within Count Two, Lewis includes assertions that the Defendants deprived him of procedural due process. (Doc. 1 at ¶¶ 30-31). These assertions directly relate to Lewis's due process claim in Count Three which will be considered below.

the Alabama State Trooper office. As such, all customs and policies would have to be ratified by his leadership." (Doc. 16 at 5).

Generally, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting *Hartley v. Parnell,* 193 F.3d 1263, 1269 (11th Cir.1999)). Supervisory liability under § 1983 only attaches "either when the supervisor personally participates in the alleged unconstitutional conduct or when there is causal connection between the actions of the supervising official and the alleged constitutional deprivation." Id. A "causal connection" for purposes of supervisory § 1983 liability may be established in three ways:

> A causal connection may be established when: (1) a "history of widespread abuse" puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; (2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so.

*Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007).

With respect to Defendant McCall, Lewis indicates in the complaint that Defendant McCall is one of the final decision makers with respect to removing Lewis him from the wrecker rotation list. (Doc. 1 at ¶ 4). Throughout the complaint,

10

Plaintiff references the alleged unconstitutional conduct of the Alabama State Troopers, which includes Defendant McCall. (*Id.* at ¶¶ 10, 12-14, 17-20, 27-31, 33-36). Lewis specifically alleges with respect to each cause of action that Defendant McCall ratified the decisions to divert wrecker calls from Lewis and ultimately to remove him from the rotation list. (*Id.*). At this stage in the proceedings, Lewis allegations are sufficient to allege either that Defendant McCall personally participated in the unconstitutional conduct or a causal connection between Defendant McCall's conduct and the alleged constitutional deprivations. Lewis's claims against Defendant McCall, therefore, are not subject to dismissal and may proceed forward to substantive review.

## VI. CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that the Defendant McCall's motion to dismiss (Doc. 10) be **DENIED** in its entirety.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **February 22, 2016.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered

by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this the 8th day of February, 2016.

                                                /s/ Paul W. Greene
                                                United States Magistrate Judge