# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| MORRIS LEWIS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-112-DAB |
| ) | |
| HUGH B. MCCALL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This case arises out of claims by Plaintiffs Morris Lewis and Lewis Transportation (collectively referred to hereinafter as "Lewis") that the Defendants have engaged in discriminatory assignments of tow-truck jobs and have ultimately removed Lewis Transportation from the rotations list for such assignments. The following are named as Defendants: Hugh B. McCall, the Director of the Alabama Department of Public Safety ("Department"); Post Commander Sergeant McWaters; Lieutenant Suzanne Capps; Captain Ron Short; and Major Kerry Chapman. Defendant McCall is sued only in his official capacity while the remaining defendants are sued both their individual and official capacities. Lewis brings claims for denial of equal protection (Counts One and Two) and denial of procedural due process (Count Three).

Lewis's Complaint is the operative pleading. (Doc. 1). Therein, Lewis seeks to state federal claims arising out of both the Due Process and Equal Protection Clauses of the Fourteenth Amendment, by and through the remedial vehicle of 42 U.S.C. § 1983.[1] Before the court are the following motions: Lewis's Motion for Partial Summary Judgment as to Defendants Short and McWaters (Doc. 72); Defendants Motion for Summary Judgment (Doc. 73); and Defendants Short and McWaters's Motion to Strike Plaintiffs' Motion for Partial Summary Judgment (Doc. 78).

## I. JURISDICTION

Subject matter jurisdiction over Lewis's federal claims is conferred by 28 U.S.C. § 1331. The parties do not dispute venue or personal jurisdiction, and there are adequate allegations in Lewis's Complaint to support both. On March 24, 2017, the parties consented to Magistrate Judge Jurisdiction for all matters pursuant to Rule 73, Fed. R. Civ. P., and 28 U.S.C. § 636(c), and an order was entered reassigning the case to the undersigned as the presiding judge. (Docs. 51-53).

## II. BACKGROUND AND FACTS

Morris Lewis, an African-American male, owns Lewis Transportation, a towing service contractor. (Doc. 1 at ¶¶ 1-2, 10, 17, and 20). Lewis has alleged that,

---

[1] Lewis's § 1983claims against the Defendants in their official capacities have been dismissed. (Doc. 28).

with respect to the assignment of tow truck jobs, "the State of Alabama by and through individual actors under color of state law continue to violate Lewis' constitutional rights to be free of race discrimination, arbitrary/capricious decisions and deprivation of procedural due process." (Doc. 1 at ¶ 11). According to Lewis, "[t]he State of Alabama establishes rules and regulations for placement on the [assignment] list and requirements to stay on the list." (*Id.* at ¶ 34). The Defendants, who are members of the Department and collectively identified by Lewis as the Alabama State Troopers, "are the sole assignors of Tow truck Activities on Alabama interstate, county and state roads." (*Id.* at ¶ 10).

On June 25, 2014, Defendant Short, in his capacity as Trooper G Commander of the Alabama State Troopers, sent a letter to Lewis notifying him "that your company is being removed from the Alabama Department of Public Safety's Rotation Wrecker System … due to failing to comply with rules and regulations listed in the Towing and Recovery Services Manual." (Doc. 73-1 at 1). On June 27, 2014, Lewis, by counsel, requested a formal hearing on the removal. (Doc. 73-2). After the hearing, Defendant Short informed Lewis that he could reapply for the wrecker list on October 1, 2014, and Lewis testified that he submitted his application on December 1, 2014. (Doc. 73-4 at 26). Once an application has been submitted by a wrecker company for inclusion on a list, no set amount of time is prescribed for consideration of an application and review may vary from one to six months,

depending on the number of applications pending and the complexity of inspections to be completed in support of the application. (Doc. 73-6 at 5-6).

Lewis filed his Complaint in this Court on February 12, 2015, alleging counts pursuant to 42 U.S.C. § 1983, two of which were for violations of Equal Protection and one count of denial of Procedural Due Process. At the hearing before this Court on August 15, 2017, counsel for Plaintiff specifically stated that he was not pursuing the claims of Equal Protection. Accordingly, Counts I and II are due to be dismissed. The remaining Count for Procedural Due Process alleged that the Defendants "removed plaintiff from the correct order of the list and subsequently completely from the list."

## III. SUMMARY JUDGMENT STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). However, when faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Southwest Airlines Co.*, 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Sawyer*, 243 F. Supp. 2d at 1263 (quoting *Anderson*, 477 U.S. at 251–52).

IV.  **ANALYSIS**

At oral argument, Plaintiff conceded that his only claim was for deprivation of Procedural Due Process due to the Department's alleged delay in processing his reinstatement. Plaintiff has admitted that he chose to delay his application for two months after he was eligible to reapply, and further testified that he knew an application would be processed more slowly during the holidays. (Doc. 73-4 at 27). Plaintiff further testified that he called the Department about his application in

January 2015, and was informed that the Department "had a new sergeant, and he was looking over the application, and they'd let me know something in a few days."

Mere delay in processing an administrative application, while perhaps a proper subject for a state court case for mandamus, does not set forth a claim for deprivation of a constitutional right on which to base a federal case. Plaintiff argues that "[t]he present case centers upon a factual paradigm where the state employees agreed the plaintiff should return to the rotation list." (Doc. 77 at 1). However, Plaintiff has failed to direct this court to any evidence in the record that would support his allegation that he was entitled to a determination on his application within a specific time period; that the time period between his application and the date he filed suit was unreasonable, unusual, or otherwise a deprivation of his rights; or that he exhausted or even initiated any effort to achieve a determination on his application prior to filing this suit alleging deprivation of due process. The Alabama Administrative Procedures Act, § 41-22-11, Ala. Code 1975 ("AAPA"), provides that "On the petition of any person substantially affected by a rule, an agency my issue a declaratory ruling with respect to the validity of the rule or with respect to the applicability to any person, property or state of facts…" The AAPA further provides that "Such rulings are subject to review in the Circuit Court of Montgomery County" and that "Failure of the agency to issue a declaratory ruling on the merits within 45 days of the request for such a ruling shall constitute a denial of the request

as well as a denial of the merits of the request and shall be subject to judicial review." § 41-22-11(b). Plaintiff did not seek review under the AAPA.

Moreover, even if the AAPA had been insufficient to secure a determination on Plaintiff's application, the Eleventh Circuit has held that "Under [state] law, when no other specific legal remedy is available and a party has a clear legal right to have a certain act performed, a party may seek mandamus. ... And, although mandamus will not normally issue to compel the performance of a discretionary act, it is available when an official abuses his discretion." *Cotton v. Jackson*, 216 F.3d 1328, 1332 (11th Cir. 2000). Plaintiff did not seek mandamus or any other available remedy. "The availability of those remedies, if they are adequate to protect Plaintiff's right to have a name-clearing hearing, would preclude a procedural due process claim. And, if they are inadequate to protect Plaintiff's right to a hearing, then mandamus would still be available to Plaintiff, and he would be precluded from bringing a procedural due process claim." *Cotton*, 216 F.3d at 1332 n. 3. Accordingly, Defendants' motion for summary judgment as to Plaintiff's procedural due process claim is due to be granted, and the other matters raised in the pleadings and briefs are therefore moot and need not be analyzed.

V.  CONCLUSION

For the reasons stated, it is **ORDERED**:

Defendants' motion for summary judgment as to all claims of the Plaintiff (Doc. 73) is **GRANTED**. Plaintiff's motion for partial summary judgment (Doc. 72) is **DENIED**. Defendants McWaters and Short's motion to strike (Doc. 78) is denied as **MOOT**. The Court will enter a separate final judgment, and the Clerk is directed to close this docket.

**DONE** and **ORDERED** this 6th day of December 2017.

David A. Baker
United States Magistrate Judge